KNOLL, J.,
would grant and assigns reasons.
11 Although we normally do not assign reasons in writ denials, I find this case merits assigning reasons why I would grant both writs. These writs present important, difficult, and challenging issues that this Court should address. The St. Tammany Parish government and the Commissioner of the Office, of-Conservation both rely on constitutional grants of authority for their respective positions. In 1998, St. Tammany Parish adopted a home rule charter in accordance with its constitutional authority under La.- Const, art. VI, § 17. Pursuant to the parish’s home rule charter, the zoned area at issue, which is located over a significant source of drinking water, was designated wholly residential in 2010. Despite the existing residential zone designation, the Commissioner issued a drill permit for a well in the restricted zone area in 2014.-. Although the Court of Appeal correctly noted the Commissioner’s power to issue drill permits is an exercise of the police power of the state which may not be abridged pursuant to La. Const, art. VI, § 9(B), this Court has affirmed local government zoning codes are also exercises of state police power. City of New Orleans v. Bd. of Comm’rs of Orleans Levee Dist., 93-0690 (La.7/5/94), 640 So.2d 237, 249-250. I find the Court of Appeal failed to acknowledge and -analyze the tension between these two police powers.
!¡>The Court of Appeal’s analysis relies on preemption, namely that the Commissioner’s authority under state law preempts the parish’s zoning ordinances. In my view, this case is not resolved on preemption, because the local ordinances in question govern a wholly distinct subject matter (i.e., zoning and land use planning) from the statutory framework at issue. Unlike local oilfield regulatory ordinances, which overlap and directly conflict with state oil and gas law, land use ordinances such as zoning codes are not duplicative of state law and, thus, are not subject to preemption by state oil and gas laws. Palermo Land Co. v. Planning Comm’n of Calcasieu Parish, 561 So.2d 482, 498 (La.1990). Finding the analysis of the Court of Appeal is incorrect, I would grant this writ for a more thorough and appropriate analysis of the issues presented,
GUIDRY, J., would grant and assigns reasons.
| iThis matter involves the enforcement of local zoning ordinances, which are fun *1109 damental to our system of self-governance and of great importance to the citizenry. For this reason alone, this case warrants thorough consideration by the Supreme Court of Louisiana. It is not a typical preemption case, in my view, because St. Tammany Parish is not attempting to regulate the production of oil and gas, but is instead striving to protect its desired quality of life through a constitutionally-authorized process.